FILED 2026 JUL 15 AM 11:01
Clerk of the US Bankruptcy Court NH

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEW HAMPSHIRE**

In re: **CATHERINE ELIZABETH BROWN**, Debtor

**Case No. 19-10296-BAH** (Reopened)

**Chapter 12**

## DEBTOR'S EMERGENCY EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 7065, WITH RESPECTFUL REQUEST FOR IMMEDIATE RELIEF

NOW COMES Catherine Elizabeth Brown ("Debtor"), pro se, and respectfully moves this Court, on an emergency, ex parte basis if necessary, pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 7065, for immediate entry of a temporary restraining order enjoining the sheriff's sale of 114 Lake Umbagog, Errol, New Hampshire, presently scheduled for July 21, 2026, and any further enforcement of the underlying judgment, pending disposition of Debtor's forthcoming adversary proceeding, and states as follows:

### 1. Basis for Relief

Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Federal Rule of Bankruptcy Procedure 7065 incorporates Federal Rule of Civil Procedure 65, which permits a court to issue a temporary restraining order without notice to the adverse party where the movant's supporting affidavit or verified motion "clearly show[s] that immediate and irreparable injury, loss, or damage will result... before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

**2. Grounds for Injunctive Relief**

a. **Likelihood of success on the merits.** This Court's own Order of June 3, 2020 (ECF No. 102) expressly kept the automatic stay in place as to 114 Lake Umbagog through the date of case termination. Debtor's sworn Affidavit (**Exhibit A**) and pending N.H. RSA 91-A requests (**Exhibits B-1, B-2**) reflect that a criminal complaint against Debtor arose from conduct occurring during this exact period, resulting in Debtor's arrest on May 14, 2026, and that the charges were thereafter dismissed by the Circuit Court on July 2, 2026 (**Exhibit C**). Debtor is likely to succeed on the merits of her forthcoming § 362(k) claim.

b. **Immediate and irreparable harm.** Absent immediate injunctive relief, 114 Lake Umbagog, Errol, NH, Debtor's primary residence for over a decade, will be sold at sheriff's sale on July 21, 2026 (**Exhibit D**), before this Court can adjudicate the underlying stay-violation claim or, in the ordinary course, even hear from the adverse parties. The loss of a homestead residence through sale constitutes irreparable and irreversible harm that cannot be remedied by money damages alone, particularly given that the property, once sold to a third party, may not be recoverable regardless of the outcome of the adversary proceeding.

c. **Balance of equities.** Any harm to the judgment creditors from a brief delay pending adjudication of the adversary proceeding is minimal, particularly where the underlying creditor entity, Adams Investments, LLC, no longer legally exists in the form in which the judgment was obtained, having converted to Adams Equity Partners, LLC in 2023 (**Exhibit E**), and where its sole managing member, Scott B. Adams, died on May 16, 2026 (**Exhibit F**), leaving unresolved questions as to who is presently authorized to receive sale proceeds or execute a valid satisfaction of judgment. By contrast, the harm to Debtor from an unwarranted loss of her home is severe, immediate, and irreversible.

d. **Public interest.** The public interest favors ensuring that judgment creditors do not benefit from enforcement actions tainted by an underlying, willful and egregious violation of the automatic stay, and that the integrity of this Court's stay orders is preserved.

### 3. Request for Relief Without In-Person Hearing

Debtor respectfully represents to the Court that she has suffered significant trauma arising from the arrest (and the years of preceding threat thereof) described above, and that requiring her personal appearance at an in-person hearing on an expedited basis would itself impose substantial and unnecessary hardship. Debtor therefore respectfully requests that, to the extent consistent with due process and this Court's procedures, the Court consider and rule upon this Motion based on the written submissions and attached exhibits, without requiring an in-person hearing, pursuant to the authority of Fed. R. Civ. P. 65(b)(1)(A) as incorporated by Fed. R. Bankr. P. 7065. In the alternative, should the Court determine that some hearing is necessary, Debtor respectfully requests leave to appear telephonically or by other remote means.

### 4. Request for Immediate Consideration

Given the imminent July 21, 2026 sale date, Debtor respectfully requests that this Court act on this Motion immediately and, if the Court determines that any hearing or response period is required, that such proceedings be scheduled on the most expedited basis practicable under the circumstances.

**WHEREFORE,** Debtor respectfully requests that this Court:

A. Enter a temporary restraining order, without in-person hearing, enjoining the sheriff's sale of 114 Lake Umbagog scheduled for July 21, 2026, and any further enforcement action against that property, pending further order of this Court;

B. To the extent the Court determines a hearing is necessary, schedule such hearing on an expedited

basis and permit Debtor to appear by telephonic or other remote means;

C. Following any such proceedings, enter a preliminary injunction enjoining any sale or further enforcement action against 114 Lake Umbagog pending final resolution of Debtor's adversary proceeding;

D. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Catherine Elizabeth Brown, Pro Se

Dated: July 10, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion, with all exhibits, was served this day via US Postal Service First Class Mail upon: Eleanor Wm. Dahar, Esq. (counsel of record for former Adams Investments, LLC and Cornerstone Capital Strategies, LLC in this case); Carolyn K. Cole, Esq. (current counsel for former Adams Investments, LLC and Cornerstone Capital Strategies, LLC); `

Catherine Elizabeth Brown

**EXHIBIT LIST**

- ECF No. 102 — Order Granting in Part and Denying in Part Motion for Relief from Co-Debtor Stay, dated June 3, 2020 (referenced; already of record in this case)

- Exhibit A — Affidavit of Catherine Brown, re: May 14, 2026 Arrest

- Exhibit B-1 — Berlin Police Department 91-A Letter, July 8, 2026

- Exhibit B-2 — NH State Police 91-A Letter, July 8, 2026

- Exhibit C — First Circuit District Division, Colebrook Dismissal Order (including Criminal Complaint)

- Exhibit D — Sheriff's Sale Notice, 114 Lake Umbagog, Errol, NH, Scheduled July 21, 2026

- Exhibit E — Adams Investments LLC (RI) Conversion to Adams Equity Partners LLC (FL)

- Exhibit F — Scott B. Adams Obituary

**EXHIBIT A**

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CORNERSTONE CAPITAL STRATEGIES, LLC | ) |
| ADAMS INVESTMENTS, LLC | ) |
| Plaintiffs | |
| | )    Case No. 25-CV-375-LM-TSM |
| V. | |
| WHITE MOUNTAIN ORGANIC GROWERS' ASSN | ) |
| CATHERINE E. BROWN | ) |
| Defendants | ) |

## AFFIDAVIT OF CATHERINE E. BROWN IN SUPPORT OF EMERGENCY MOTION TO QUASH STATE CRIMINAL PROSECUTION, IMPOSE CONTEMPT SANCTIONS, AND REFER TO UNITED STATES ATTORNEY

I, Catherine E. Brown, being of full legal age and under oath in accordance with 28 USC § 1746, declare as follows:

1. I am a defendant in the above-captioned federal action. I am over the age of eighteen years and competent to testify to the matters set forth herein. I make this affidavit based on my personal knowledge.

2. I reside at 114 Lake Umbagog Road, Errol, New Hampshire 03579.

1

3. On the morning of May 14, 2026, I was a passenger in a vehicle operated by my partner, Suzanne Brown. We departed from 371 Thistle St. Upton, Maine, and traveled westbound on Route 26 toward the center of Errol, New Hampshire, to retrieve mail from the Errol Post Office and thenceforth to an appointment for auto maintenance in Gorham, NH.

4. At approximately 9:00 a.m., while traveling westbound on Route 26, we passed a Berlin, New Hampshire Police Department cruiser traveling westbound in the same direction, several miles outside of the center of Errol. The presence of a Berlin Police Department vehicle on Route 26 in Errol was unusual. Our area is ordinarily served by the New Hampshire State Police and the Coos County Sheriff's Department. I had not previously observed Berlin Police Department vehicles patrolling in Errol during my 11 years of residence there.

5. After retrieving my mail from the Errol Post Office, Suzanne and I proceeded toward Route 16 southbound, intending to travel to Gorham, New Hampshire for the scheduled vehicle maintenance appointment. That appointment was recorded on my cellular telephone calendar.

6. At the intersection of Route 26 and Route 16, I observed a second Berlin Police Department cruiser parked at the corner. As Suzanne turned our vehicle left onto Route 16 southbound, that officer immediately activated his operational/brake lights and began following us. The officer followed us for approximately three miles before initiating a traffic stop.

7. The officer who conducted the stop identified himself as Lieutenant Priest of the Berlin Police Department. Suzanne provided her driver's license to Lieutenant Priest. Lieutenant Priest then asked about me. Suzanne identified me to the officer.

8. Lieutenant Priest informed me that there was an outstanding warrant for my arrest and that he would need to transport me to the Berlin Police Department for booking. He told Suzanne she could follow us to the station.

9. I entered Lieutenant Priest's vehicle. Lieutenant Priest advised me during the approximately 45-minute transport to Berlin that his in-vehicle camera was recording throughout the trip.

10. I was booked at the Berlin Police Department and placed in a jail cell upon arrival. I remained in custody until approximately 11:20 a.m.

11. Upon my release, I was given two documents: a bail order and a document that I later realized was page 2 of a 7-page charging complaint. The fax header on the face of the complaint states "PAGE 2/007" and "5/14/2026 9:22:46 AM EDT." I was not provided pages 1 or 3 through 7 of that complaint. I have never been given the full charging instrument. I was not read my Miranda rights.

12. I believe the arrest was planned in advance and coordinated through surveillance of my private telephone communications for the following reasons: Berlin, New Hampshire is located approximately one and a half hours by road from Errol, New Hampshire. For two Berlin Police Department vehicles to be positioned on Route 26 in Errol on or about 9:00 a.m. on May 14, 2026, those officers would have had to depart Berlin well before 8:00 a.m. My appointment in Gorham was recorded on my cellular phone calendar. I had not

3

communicated my travel plans on May 14, 2026 to any law enforcement agency. There was no traffic violation or other observable infraction that would have provided a basis for Lieutenant Priest to initiate a traffic stop on Route 16. The only explanation I can identify for two Berlin Police Department officers being positioned in Errol at that precise time, on the morning of my scheduled trip to Gorham, is that my telephone communications were under surveillance and my travel plans were known to the officers in advance.

13. I have been a party in the above-captioned federal proceeding since its removal on September 29, 2025. I filed Docket Nos. 31 and 32 in that proceeding on December 9, 2025, documenting the false criminal complaint as a predicate act of fraud on multiple courts. Plaintiffs did not respond to those filings. Briefing closed on my emergency sanctions motions on April 16, 2026.

14. Today's arrest occurred 28 days after that briefing closed and 227 days after removal. I believe the timing of this arrest, and the circumstances of its execution, are directly connected to the pending federal proceedings and were designed to further intimidate me, disrupt my ability to participate in those proceedings, and enforce through criminal process the fruits of a judgment that was obtained by fraud on multiple courts.

15. I was not given the opportunity to speak with an attorney before or during my detention. I provided only the information necessary for bail processing. I said nothing to any law enforcement officer about the civil litigation, the federal case, the Plaintiffs, or the underlying facts.

4

I declare under penalty of perjury under the laws of the United States and the State of New Hampshire that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 14th day of May, 2026.

/s/ *Catherine E. Brown*

Catherine E. Brown

114 Lake Umbagog Road

Errol, New Hampshire 03579

---

## CERTIFICATE OF SERVICE

I hereby certify that on this date of May 14, 2026, I caused a copy of the foregoing affidavit to be served via ECF upon:

Attorney Carolyn K. Cole

ColeMyers PLLC

18 Bank Street

Lebanon, NH 03766

ccole@colemyers.law

/s/ Catherine E. Brown

5

**EXHIBIT B-1**

Catherine E. Brown

P.O. Box 253

114 Lake Umbagog

Errol, NH 03579

(603) 828-4860

greatnorthwoodsfarm@gmail.com

July 8, 2026

Berlin Police Department, Records Division

Jeff Lemoine, Chief of Police

135 Green St.

Berlin, NH 03570

**RE: Right-to-Know Request Pursuant to RSA Chapter 91-A**

**Court Case No. 428-2026-CR-00422; Agency Case No. 26-290-AR**

To the Records Division / Chief of Police:

Pursuant to New Hampshire RSA Chapter 91-A, the "Right-to-Know Law," I hereby request access to and copies of all governmental records maintained by the Berlin Police Department relating to my arrest on May 14, 2026, and the above-referenced case, which was dismissed by Judge King on July 2, 2026. I am the named defendant in this matter, and these records directly concern me.

Specifically, I request the following:

1. All incident, arrest, and booking reports (all pages) related to Court Case No. 428-2026-CR-00422 / Agency Case No. 26-290-AR;
2. The names, badge numbers, and agency affiliation of all officers involved in my arrest on May 14, 2026, including Lieutenant Priest;
3. All radio dispatch logs, CAD (computer-aided dispatch) records, and GPS/vehicle location records for any Berlin Police Department unit involved in my arrest on May 14, 2026, from 6:00 a.m. through 12:00 p.m.;
4. All communications, written or electronic (including email, text message, and radio transcript), between the Berlin Police Department, the New Hampshire State Police Special Investigations

Unit, Complainant Scott Adams (and/or his attorney Carolyn Cole, and/or co-plaintiffs Louis Bachetti and Eli Adams) concerning me or this case;

5. All documents reflecting the date, time, and manner in which the arrest warrant in this matter was received, transmitted, or executed by the Berlin Police Department, including any fax transmission logs or cover sheets (all pages);

6. The complete booking record, including all timestamps of intake, processing, and release, and the identity of the bail commissioner involved;

7. Any policies, procedures, or records concerning inter-agency cooperation between the Berlin Police Department and the New Hampshire State Police Special Investigations Unit relevant to warrant execution in this matter.

I request that responsive records be provided in electronic format to my email address above where feasible. If any portion of this request is denied, I request a written explanation citing the specific statutory exemption relied upon, pursuant to RSA 91-A:4. If the records are not immediately available, I request written notice of the reason for delay and an estimated date of production, as required by RSA 91-A:4, IV.

I am glad to narrow or clarify this request if needed to facilitate a prompt response. Please direct any questions to me at the contact information above.

Thank you for your prompt attention to this matter.

Respectfully,

Catherine E. Brown

**B-2**

Catherine E. Brown

P.O. Box 253

114 Lake Umbagog

Errol, NH 03579

(603) 828-4860

greatnorthwoodsfarm@gmail.com

July 8, 2026

New Hampshire State Police

Special Investigations Unit

33 Hazen Drive

Concord, NH 03305

Attn: Records Division / Trooper Hawley L. Rae

**RE: Right-to-Know Request Pursuant to RSA Chapter 91-A**

**Agency Case No. SI20-12542 / 26-290-AR; Court Case No. 428-2026-CR-00422**

To the Records Division:

Pursuant to New Hampshire RSA Chapter 91-A, the "Right-to-Know Law," I hereby request access to and copies of all governmental records maintained by the New Hampshire State Police relating to Agency Case No. SI20-12542, also referenced as Case No. 26-290-AR and Court Case No. 428-2026-CR-00422. This case was dismissed by Judge King on July 2, 2026. I am the named defendant in this matter, and these records directly concern me.

Specifically, I request the following:

1. The complete investigative file for Agency Case No. SI20-12542, including all reports, notes, and memoranda prepared by Trooper Hawley L. Rae or any other member of the Special Investigations Unit;

2. All records reflecting the date and content of the initial complaint made by Scott B. Adams to the Special Investigations Unit, including any call logs, intake notes, or memoranda documenting the telephone call referenced in Trooper Rae's November 17, 2020 email to Attorney Kathleen McKenzie;

3. All communications, written or electronic, between the Special Investigations Unit and Scott B. Adams, any representative of Adams Investments, LLC, Cornerstone Capital Strategies, LLC, or their counsel, from January 1, 2019 through the present;

4. All records concerning the timeline of the criminal complaint's formalization into a sworn written instrument, including the date it was drafted, reviewed, approved, and signed, and any explanation for the delay between the original phone complaint (on or before November 17, 2020) and the sworn complaint dated March 16, 2021;

5. All records concerning the decision to seek and execute an arrest warrant in May 2026, including any internal communications discussing timing, priority, or coordination with any other law enforcement agency;

6. All records reflecting the fax transmission of the criminal complaint on May 14, 2026, including the originating and receiving fax numbers and any associated cover sheet or transmission log;

7. Any records reflecting communication or coordination between the Special Investigations Unit and the Berlin Police Department regarding my arrest on May 14, 2026.

I request that responsive records be provided in electronic format at my email address above where feasible. If any portion of this request is denied, I request a written explanation citing the specific statutory exemption relied upon, pursuant to RSA 91-A:4. If the records are not immediately available, I request written notice of the reason for delay and an estimated date of production.

I am glad to narrow or clarify this request if needed to facilitate a prompt response. Please direct any questions to me at the contact information above.

Thank you for your prompt attention to this matter.

Respectfully,

_____

Catherine E. Brown

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

1st Circuit - District Division - Colebrook
c/o 55 School Street, Suite 201
Lancaster NH  03584

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

**July 02, 2026**

**CATHERINE E BROWN**
**PO BOX 253**
**ERROL NH  03579**

Case Name:  **State v. Catherine E Brown**
Case Number:  **428-2026-CR-00422**

Enclosed, please find the Order of Dismissal issued by Judge King on July 2, 2026.

Terri L. Peterson
Clerk of Court

(970)

C:  Hawley Rae; Trooper Corey S. Lord

# THE STATE OF NEW HAMPSHIRE
## COMPLAINT

Case Number: _H28-2026-CR-0042_   Charge ID: _24576112C_

| ☐ VIOLATION | MISDEMEANOR | ☑ CLASS A | ☐ CLASS B | ☐ UNCLASSIFIED (non-person) |
|---|---|---|---|---|
| | FELONY ☐ CLASS A | ☐ CLASS B | ☐ SPECIAL | ☐ UNCLASSIFIED (non-person) |

You are to appear at the: **1st Circuit - District Division - Colebrook**   Court,

Address: **17 Bridge Street Colebrook NH 03576-0005**   County: **Coos County**

Time:                     Date:

Under penalty of law to answer to a complaint charging you with the following offense:

**THE UNDERSIGNED COMPLAINS THAT: PLEASE PRINT**

| Brown | Catherine | E |
|---|---|---|
| Last Name | First Name | Middle |

| 114 Lake Umbagog | Errol | NH | 03579 |
|---|---|---|---|
| Address | City | State | Zip |

| Female | White | 509 | 150 | Hazel | Brown |
|---|---|---|---|---|---|
| Sex | Race | Height | Weight | Eye Color | Hair Color |

| 05/31/1967 | NHL18417509 | New Hampshire |
|---|---|---|
| DOB | License #: | OP License State |

☐ COMM. VEH.      ☐ COMM. DR. LIC.      ☐ HAZ. MAT.      ☐ 16+PASSENGER

AT: **Town of Errol**

On **5/14 - 5/18/2020** at          in **Coos County NH**, did commit the offense of:

RSA Name: **Fraud on Creditors**

Contrary to RSA: **638:9**

Inchoate:

(Sentence Enhancer):

And the laws of New Hampshire for which the defendant should be held to answer, in that the defendant did:

**By conveying the 114 Lake Umbagog property from her business to her own name, the defendant knowingly transferred, or otherwise dealt, with the 114 Lake Umbagog property subject to the security interest held by ADAMS company, Adams Investments LLC, with a purpose to hinder enforcement of that interest, such as through a foreclosure to recover the debt owed by BROWN**

LANCASTER CC
JUN 25 '26 PM3:35

against the peace and dignity of the State.

☐ SERVED IN HAND

| _[signature]_ | **Trooper Hawley L. Rae #1216** | **NH State Police-SIU** |
|---|---|---|
| Complainant Signature | Complainant Printed Name | Complainant Dept. |

**Making a false statement on this complaint may result in criminal prosecution.**

Oath below not required for police officers unless complaint charges class A misdemeanor or felony (RSA 592-A:7.I).

Personally appeared the above named complainant and made oath that the above complaint by him/her subscribed is, in his/her belief, true.

| 3.16.2021 | _[signature]_ Justice of the Peace   _Thomas E._  3/15/22 |
|---|---|
| Date | Justice of the Peace |

NHJB-2982-D (06/27/2016)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
https://www.courts.nh.gov

Court Name:   <u>1st Circuit - District Division - Colebrook</u>

Case Name:    <u>State v. Catherine E Brown</u>

Case Number:  <u>428-2026-CR-00422</u>          Charge ID Number: <u>2456112C</u>
(if known)

## DISPOSITION AND SENTENCING FORM

**PLEA:**

☐ Not Guilty     ☐ No Plea     ☐ Guilty        ☐ No Contest

Violation of Probation:     ☐ Not True        ☐ True

**CHANGE PLEA TO:**

☐ Guilty        ☐ No Contest

Violation of Probation:     ☐ True

**FINDING:**

☐ Not Guilty     ☐ Guilty      ☒ Dismissed

Violation of Probation:     ☐ Not True        ☐ True

☐ Complaint placed on file          ☐ With finding       ☐ Without finding

and not to be brought forward after _____ upon the below conditions of this order.

*No one appeared for NHSP - dismissed (ack of prosecution*

**PROBABLE CAUSE:**

☐ Found        ☐ Not Found       ☐ Waived        ☐ Indicted       ☐ Misd/Viol - Bind Over

**AN ELEMENT OF THE OFFENSE (FOR MISDEMEANORS ONLY):**

☐ (a) **INCLUDES**    ☐ (b) **DOES NOT INCLUDE** the use or attempted use of physical force and/or the threatened use of a deadly weapon.

**DEFENDANT'S RELATIONSHIP WITH THE VICTIM IS (FOR MISDEMEANORS ONLY):**

☐ (14) **Not applicable/no victim or other relationship**

**OR**

☐ (1) current or former spouse        ☐ (2) parent of the victim

☐ (3) guardian of the victim          ☐ (4) child in common

**The defendant is/was cohabitating with the victim as:**

☐ (5) spouse        ☐ (6) parent of the victim        ☐ (7) guardian of the victim

**OR as a person similarly situated to a:**

☐ (8) spouse        ☐ (9) parent of the victim        ☐ (10) guardian of the victim

**OR is:**

☐ (12) related by blood or marriage (adult victim only)

☐ (13) an intimate partner or in current/recent dating relationship

Case Name: <u>State v. Catherine E Brown</u>

Case Number: <u>428-2026-CR-00422</u>                    Charge ID Number: <u>2456112C</u>

<u>DISPOSITION AND SENTENCING FORM</u>

## SENTENCE
## FINES:

**To be paid in full by:** _____    **Time Payment Setup Fee of $25:** ☐ Applied ☐ Waived

☐ **Mandatory domestic violence fine** of $50.00 for a conviction of
RSA 631:2-b (Domestic Violence),   RSA 632-A:4 (Sexual Assault),
RSA 633:3-a (Stalking), or         RSA 631:3  (Reckless Conduct).
No portion of which may be suspended or otherwise reduced, or discharged in whole or in part by imprisonment. No PA may be assessed on this portion of fine.

**Confirm one of the boxes (1-13) in the Defendant's Relationship With The Victim section was checked**

☐ The defendant is fined $ _____, plus statutory penalty assessment of $ _____

   $ _____ of the fine is:

   ☐ suspended  ☐ deferred for _____    ☐ month(s) ☐ year(s)

   $ _____ of the statutory penalty assessment is:

   ☐ suspended  ☐ deferred for _____    ☐ month(s) ☐ year(s)

   ☐ The defendant shall perform _____ hours of community service to satisfy the fine/PA.

## COMMITMENT:

☐ The defendant is sentenced to the House of Corrections

   for a period of _____ ☐ day(s) ☐ month(s)

   ☐ Pretrial confinement credit: _____ day(s).

   This sentence is to be served as follows:

   ☐ Stand committed  ☐ Commencing _____ (date/time)

   ☐ _____ ☐ day(s) ☐ month(s) of the sentence are

      ☐ suspended  ☐ deferred to _____ (date) on the below conditions.

   ☐ The commitment is ☐ consecutive ☐ concurrent to _____ (case number/charge ID)

## RESTITUTION:

☐ The defendant is ordered to make restitution to _____
   in the amount of $ _____

   ☐ Payable through the Department of Corrections as directed by the probation/parole officer plus the statutory administrative fee.

   ☐ Other: _____

## PROBATION:

☐ The defendant is placed on probation for a period of _____ ☐ month(s) ☐ year(s), upon the usual terms of probation and any special terms of probation determined by the probation/parole officer.

   Effective: ☐ Immediately   ☐ Upon Release

   The defendant is ordered to report immediately/upon release to the Probation/Parole Office.

Case Name: **State v. Catherine E Brown** _____

Case Number: **428-2026-CR-00422** _____    **Charge ID Number: 2456112C** _____

**DISPOSITION AND SENTENCING FORM** _____

## CONDITIONS OF SUSPENDED OR DEFERRED SENTENCE AND OTHER ORDERS:

☐ **Mandatory ignition interlock for OAS after DWI:** Pursuant to RSA 265-A:36,I-a, the defendant shall install an ignition interlock device in any vehicle registered to that person or used by that person, for the remaining period of suspension or revocation plus an additional period of _____ ☐ month(s) ☐ year(s) (not less than twelve (12) months nor more than two (2) years).

☐ **Reckless Driving (RSA 265:79)/Negligent Driving (RSA 265:79-b):** If the original offense was under RSA 265-A:2 or RSA 265-A:3, The defendant:

☐ shall complete a qualified online victim impact panel program, as defined in RSA 265-A:1, VII.

☐ shall not be ordered to complete a qualified online victim impact panel program due to a determination that exceptional circumstances exist.

☐ The defendant is ordered to be of good behavior and comply with all the terms of this sentence for a period of _____ ☐ day(s) ☐ month(s) ☐ year(s). Good behavior is defined as not committing any act(s) that would constitute a felony, misdemeanor or major motor vehicle violation as defined in RSA 259:39 (I).

☐ The defendant's ☐ license ☐ privilege to operate in New Hampshire is

☐ suspended ☐ revoked for a period of _____ ☐ day(s) ☐ month(s) ☐ year(s)

Effective: _____ (date)

☐ The loss of license is consecutive to _____

☐ The defendant shall meaningfully participate in

☐ substance misuse ☐ mental health

☐ batterer intervention ☐ _____ evaluation

and follow all recommendations including, but not limited to, counseling, treatment, and education programs. Written proof of the completion shall be provided to the prosecutor by _____ (date) and written proof of compliance with the recommendations, if any, shall be provided by _____ (date).

☐ The defendant shall perform _____ hours of community service and provide proof to the State by _____ (date).

☐ The defendant is ordered to have no contact with _____ either directly or indirectly, or through third parties, including but not limited to contact in-person, by mail, phone, e-mail, text message, social networking sites and/or electronic communications for a period of _____ ☐ day(s) ☐ month(s) ☐ year(s).

☐ The defendant is not allowed to enter _____ (location) for a period of _____ ☐ day(s) ☐ month(s) ☐ year(s).

☐ Law enforcement may ☐ destroy evidence ☐ return evidence to rightful owner.

**Case Name: State v. Catherine E Brown**

**Case Number: 428-2026-CR-00422**                    **Charge ID Number: 2456112C**

**DISPOSITION AND SENTENCING FORM**

☐ Other:

_____

_____

_____

_____

_____

☐ Appeal to Superior Court _____ (date)

    ☐ Bail remains in effect and sentence stayed pending remand or resolution of the appeal

_____7/2/2026_____                    _____
Date                                                  Signature of Judge

                                          David D. King_____
                                          Printed name of Judge





of

# Coös County Sheriff
55 School Street, Suite 101, Lancaster, NH 03584
Phone (603) 788-5598 – Fax (603) 788-2437



Keith Roberge
High Sheriff

# OFFICE OF THE SHERIFF
**Coös County**
55 School Street, Suite 102
Lancaster, NH 03584
Tel.# (603) 788-5598

SHERIFF'S SALE

## Cornerstone Capital Strategies, LLC and Adams Investments, LLC

vs.

## White Mountain Organic Growers' Association, LLC and Catherine Brown

TAKE NOTICE THAT YOUR RIGHT, TITLE AND INTEREST IN YOUR REAL ESTATE LOCATED IN ERROLL, COÖS COUNTY, NEW HAMPSHIRE, WILL BE SOLD ACCORDING TO THE FOLLOWING NOTICE OF SHERIFF'S SALE UPON WRIT OF EXECUTION NUMBER #214-2021-CV-00058 and #214-2022-CV-00062, ISSUED BY THE *COÖS SUPERIOR COURT* AGAINST YOU.

NOTICE

TAKEN ON EXECUTION NO. #214-2021-CV-00058 and #214-2022-CV-00062 ISSUED BY THE COÖS SUPERIOR COURT IN FAVOR OF CORNERSTONE CAPITAL STRATEGIES, LLC AND ADAMS INVESTMENTS, LLC, TO BE SOLD AT PUBLIC AUCTION AGREEABLE TO STATUTE ON JULY 21, 2026 AT 1:00 P.M. AT THE PREMISES AT

# 114 LAKE UMBAGOG, ERROL
# COÖS COUNTY, NEW HAMPSHIRE

ALL THE RIGHT AND TITLE, RIGHT IN EQUITY AND RIGHT TO REDEEM SAID RIGHT IN EQUITY AND ALL THE RIGHT AND TITLE WHICH THE WITHIN NAMED WHITE MOUNTAIN ORGANIC GROWERS' ASSOCIATION, LLC AND CATHERINE BROWN HAS ON THE DATE OF THE SALE PURSUANT TO CHAPTER RSA 529, THE FOLLOWING DESCRIBED PROPERTY: 114 LAKE UMBAGOG, ERROL, COÖS COUNTY, NEW HAMPSHIRE, AS DESCRIBED IN THE DEED RECORDED WITH THE COÖS COUNTY REGISTRY OF DEED AT BOOK 1535, PAGE 418.

SALE SUBJECT TO ALL OUTSTANDING MORTGAGES, TAX LIENS AND ALL OTHER LIENS HAVING PRIORITY AND DULY RECORDED. SALE SUBJECT TO ANY HOMESTEAD RIGHT THAT THE DEFENDANT MAY HAVE.

TERMS OF SALE: $25,000.00 DEPOSIT BY CASH, CERTIFIED CHECK, OR BANK TREASURER'S CHECK AT TIME OF SALE, THE BALANCE WITHIN 21 DAYS.

_____
DEPUTY SHERIFF

**EXHIBIT E**

RI SOS  Filing Number: 202336048750  Date: 5/24/2023 1:05:00 PM

State of Rhode Island
**Department of State - Business Services Division**

RECEIVED
R.I. DEPT. OF STATE
BUS SVCS DIV
2023 MAY 24  PM 1: 05

R.I. DEPT. OF STATE
BUS SVCS DIV
2023 MAY 10  PM 1: 27

## Application for Certificate of Conversion to a Non-Rhode Island Entity

DOMESTIC Business Corporation, Limited Partnership or Limited Liability Company

→ Filing Fee: $50.00 (business corporations, limited partnerships, and limited liability companies)
→ Filing Fee: $25.00 (non-profit corporations)

Pursuant to the applicable provisions of RIGL 7-1.2-1008(c), 7-6-48.3, 7-13-8.2 (d) and 7-16-5.2(e), the undersigned submits the following Certificate of Conversion for the purpose of converting to a Non-Rhode Island entity:

| 1. Entity ID Number: | 2. The full name of the converting entity is: |
|---|---|
| 000805592 | Adams Investments, LLC |

| 3. It is formed under the state of: | 4. The date of formation is: |
|---|---|
| **RHODE ISLAND** | 7/2/2013 |

**5. The jurisdiction to which the entity is converting:**

Florida

**6. The structure of the converted entity will be:  CHECK ONE BOX ONLY**

| | |
|---|---|
| ☐ Business Corporation | ☑ Limited Liability Company |
| ☐ Non-Profit Corporation | ☐ Sole Proprietorship |
| ☐ Partnership (General, Limited or Limited Liability) | ☐ Other Entity |

**7. The name of the entity following the conversion is:**

Adams Equity Partners, LLC

**8.** This conversion has been approved in the manner provided for in RIGL 7-1.2-1008, 7-6-48.3, 7-13-8.2, and 7-16-5.2.

**9.** The converting entity revokes the authority of its registered/resident agent in this state to accept service of process, and consents that service of process in any action, suit, or proceeding based upon any cause of action arising in this state during the time the entity was authorized to transact business in this state may subsequently be made on the entity by service thereof on the Secretary of State of the State of Rhode Island, to which the converting entity irrevocably appoints the Secretary of State as its agent to accept such service of process.

**10.** The address to which the Secretary of State may mail a copy of any process against the entity that is served on the Secretary of State:

1236 Par View Drive, Sanibel, FL 33957

**MAIL TO:**
Division of Business Services
148 W. River Street, Providence, Rhode Island 02904-2615
Phone: (401) 222 3040
Website: www.sos.ri.gov



FILED STAMP

MAY 24 2023
BY

**11. Date when this Certificate of Conversion will be effective: CHECK ONE BOX ONLY**

☑ Date received (Upon filing)

☐ Later effective date _____

**12. Fees and taxes paid:**

The corporation or limited liability company certifies that it has no outstanding tax obligations. As required by RIGL § 7-1.2-1309 and RIGL § 7-16-8, the corporation or limited liability company has paid all fees and taxes. Note: Tax status can be verified by emailing tax.collections@tax.ri.gov. If the entity is a limited partnership, the original Letter of Good Standing issued by the RI Division of Taxation is attached hereto.

*Under penalty of perjury, we declare and affirm that we have examined this Certificate of Conversion, including any accompanying attachments, and that all statements contained herein are true and correct.*

Type or Print Name of Converting Entity

Adams Investments, LLC

| Type or Print Name of Person Signing | Title of Person Signing |
|---|---|
| Scott B. Adams | Authorized Member |

| Signature | Date |
|---|---|
| *Scott B. Adams* | 4-27-23 |

| Type or Print Name of Person Signing | Title of Person of Signing |
|---|---|
| Scott B. Adams | Manager |

| Signature | Date |
|---|---|
| | |

RI SOS   Filing Number: 202336048750     Date: 5/24/2023 1:05:00 PM



State of Rhode Island
**Department of State | Office of the Secretary of State**
**Gregg M. Amore,** *Secretary of State*

I, GREGG M. AMORE, Secretary of State of the State of Rhode Island,

hereby certify that this document, duly executed in accordance with the provisions

of Title 7 of the General Laws of Rhode Island, as amended, has been filed in this

office on this day:

May 24, 2023 01:05 PM

Gregg M. Amore
*Secretary of State*



**EXHIBIT F**

Q  Search by Name

Scott Bond Adams

1963 - 2026



|                   |        |
| :---------------: | :----: |
| ⇗ Share           | ⊡ Follow |

## Scott Adams Obituary

It is with heavy hearts that we announce the unexpected passing of Scott Bond Adams on May 16, 2026. Born on October 7, 1963, in

Worcester, Massachusetts. Scott was the son of David J. Adams and Sandra Doak. He was a longtime resident of Barrington, Rhode Island, and most recently Sanibel Island, Florida.

Scott grew up on a farm in Shrewsbury, Massachusetts, where he developed a lifelong love for animals and a strong work ethic. He was a proud alumnus of Brooks School, where he excelled as a three-sport varsity athlete in soccer, wrestling, and rowing. During his time at Brooks, he won a New England individual wrestling championship and received recognition as the top overall athlete in his graduating class.

He went on to play soccer at Denison University and was a member of the Sigma Chi Fraternity. In college, Scott joined the Marine Corps ROTC program and, after graduation, continued his service by completing Officer Candidate School in Quantico, Virginia.

Scott began his professional career with the Bank of New England and later Shawmut Bank. He eventually transitioned into real estate investing, building a portfolio of gas stations throughout New England. He served as President of Northborough Holdings and most recently founded Adams Equity Partners alongside his son, Eli. Scott was widely respected in the New England lending and real estate communities for both his business acumen and integrity.

Beyond his professional accomplishments, Scott was deeply committed to helping others. He volunteered with the Red Cross during times of crisis and, in May 2022, traveled to Poland to help provide food and shelter to Ukrainian refugees. He also dedicated time volunteering in the emergency room at Rhode Island Hospital and teaching golf through the Florida Special Olympics.

Scott had an exuberance for life that drew people to him wherever he went. An adventurer at heart, he embraced every opportunity to experience the world fully. This past January, he embarked on a month-long "bucket list" trip hiking and fishing throughout New Zealand and Australia. He spent his final hours laughing and singing alongside his daughter, Sydney, at a concert in Gainesville, Florida.

He lived actively and passionately, finding joy in golfing, pickleball, fishing, spending time with friends and family, and walking his beloved dog, Jane, along the beaches of Sanibel.

Scott is survived by his son, Eli, and daughter-in-law, Lauren; his daughter, Sydney, and her fiancé, Blake; and his half-siblings, Dan Adams and Sarah Foley. He was preceded in death by his parents and his brother, David Adams Jr.

A Celebration of Life will be held on June 13, 2026, from 2:00 p.m. to 4:00 p.m. at the Rhode Island Country Club in Barrington, Rhode Island.

In lieu of flowers, memorial donations may be made to Guardians of Florida Animal Rescue in honor of Scott's plan to rescue a dog this summer. Donations can be made online at https: linktr.ee gofarrescue; please note that the donation is in memory of Scott Adams.

Scott's joyful spirit, generosity, and love for life will remain forever in the hearts of all who knew and loved him.
Published by Barrington Times on May 19, 2026.

## Memories and Condolences
## for Scott Adams