**Exhibit 8**

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| CORNERSTONE CAPITAL STRATEGIES, LLC | ) | |
| ADAMS INVESTMENTS, LLC | ) | |
| Plaintiffs | | |
| | ) | Case No. 25-CV-375-LM-TSM |
| V. | | |
| WHITE MOUNTAIN ORGANIC GROWERS' ASSN | ) | |
| CATHERINE E. BROWN | ) | |
| Defendants | ) | |

**<u>NOTICE OF APPEAL</u>**

---

Notice is hereby given that Defendants Catherine E. Brown, pro se, and White Mountain Organic Growers' Association, LLC (administratively dissolved), by its authorized representative Catherine E. Brown, pro se, hereby appeal to the United States Court of Appeals for the First Circuit from the Order of this Court entered July 1, 2026 (Doc. No. 49), which approved in full the Report and Recommendation of Magistrate Judge Talesha L. Saint-Marc dated June 12, 2026 (Doc. No. 47).

1

This appeal presents two distinct issues, set forth below in order of priority.

**ISSUE I: THE JURISDICTION-REVESTING QUESTION**

Whether the district court erred in adopting the Report and Recommendation's finding that jurisdiction over the underlying state court matter, Coos County Superior Court Case No. 214-2021-CV-00058, was validly revested in that court notwithstanding the undisputed absence of the certified mailing required by 28 U.S.C. § 1447(c).

The Report and Recommendation expressly found that "there is no dispute that the clerk of this court did not mail a certified copy of the remand order to the state court," but concluded that jurisdiction was nonetheless restored because Judge McCafferty had shown her "unmistakable intent to divest this court of jurisdiction and return jurisdiction to the state court," and because Plaintiffs' own privately filed notice was "sufficient to revest the jurisdiction in the state court." (Doc. No. 47 at 4-5.) Section 1447(c) contains no textual exception of this kind: it provides only that "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court," and that "[t]he State court may thereupon proceed with such case."

Controlling First Circuit precedent, FDIC v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1979), holds that a federal court retains jurisdiction over a removed case until a certified copy of the remand order is mailed by the Clerk to the clerk of the state court, without exception for the presiding judge's inferred intent or a private party's own representation to the state court.

This issue does not challenge, and Defendants take no position adverse to, the propriety of remand itself or this Court's decision that removal was untimely. Defendants do not seek review of any determination that this Court lacked subject matter jurisdiction over the removed action or that remand was warranted.

This appeal instead challenges a distinct and subsequent legal question: whether, or when, that remand became legally effective so as to restore jurisdiction to the state court.

2

Accordingly, 28 U.S.C. § 1447(d)'s bar on appellate review of remand orders based on lack of subject matter jurisdiction or a defect under section 1447(c) does not apply to this issue, which concerns the continuing scope of this Court's own retained jurisdiction, not the remand decision or its underlying reasoning.

**ISSUE II: THE SANCTIONS JURISDICTION QUESTION**

Whether the district court erred in adopting the Report and Recommendation's denial of Defendants' motions for sanctions (Doc. Nos. 36, 38, 40, and 41) on the ground that "the case in this court is closed, and this court lacks jurisdiction to consider Defendants' motions" (Doc. No. 47 at 4), where that jurisdictional finding is irreconcilable with this Court's own prior holding in its November 25, 2025 Order (Doc. No. 30) that "[t]his court retains jurisdiction to enter an award of fees even after the case is remanded." (Doc. No. 30 at 14 n.4, citing Seacoast Motorcycles, Inc. v. Town of N. Hampton, Civ. No. 10-cv-532-LM, 2011 WL 462710, at *4 (D.N.H. Feb. 4, 2011), and Bryant v. J.D. Britt, 420 F.3d 161, 165 (2d Cir. 2005)).

Defendants' sanctions motions were brought pursuant to 28 U.S.C. § 1927, a fee-shifting mechanism directed at attorney conduct in the litigation. The Report and Recommendation denied those motions solely on the premise that closing the case extinguished this Court's jurisdiction to consider them, without addressing, distinguishing, or citing this Court's own prior holding that the closing of the case and remand do not extinguish its jurisdiction over fee-related matters arising from the litigation. The July 1, 2026 Order approved the Report and Recommendation "in full" without separately addressing this inconsistency. (Doc. No. 49.)

**STATEMENT REGARDING PENDING RULE 60(b) MOTIONS AND EFFECTIVE DATE OF THIS NOTICE**

Defendants' Motion for Relief from Order pursuant to Fed. R. Civ. P. 60(b)(2) and (b)(6) (Doc. No. 50, filed July 14, 2026) and Supplemental Motion for Relief from Order (filed July 22, 2026), both directed to the July 1, 2026 Order, remain pending and undecided before the district

3

court. Pursuant to Fed. R. App. P. 4(a)(4)(A)(vi) and (B)(i), because those motions were timely filed and remain pending, this Notice of Appeal does not become effective until the district court disposes of the last such remaining motion, at which time it will become effective as to the order or orders specified above without need for a new or amended notice, unless Defendants elect to file one following that ruling.

Respectfully submitted,

*/s/ Catherine E. Brown*

Catherine E. Brown, Pro Se

White Mountain Organic Growers' Association, LLC

By Catherine E. Brown, Authorized Representative, Pro Se

P.O. Box 253

114 Lake Umbagog

Errol, New Hampshire 03579

(603) 828-4860

greatnorthwoodsfarm@gmail.com

Dated: July 29, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing Notice of Appeal was served upon Carolyn K. Cole, Esq., counsel of record for Plaintiffs, via the Court's electronic filing system.

*/s/ Catherine E. Brown*