**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

In re: Case No. 19-10296-KB
Chapter 12

Catherine Elizabeth Brown,

Debtor.

## ORDER

Catherine Elizabeth Brown (the "**Debtor**") filed an Emergency *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction (the "**TRO Motion**") (ECF No. 191) and a Motion to Reopen Chapter 12 Case (the "**Motion to Reopen**") (ECF No. 189). The TRO Motion sought to enjoin a Sheriff's sale of real property located at 114 Lake Umbagog, Errol, NH (the "**Errol Property**"). The Motion to Reopen sought to reopen the case to litigate an alleged violation of the automatic stay. Adams Equity Partners, LLC and Cornerstone Capital Strategies, LLC (collectively, "**Adams**") filed an objection to each of the Debtor's respective motions.

The Court will deny the Motion to Reopen as being impermissible under 11 U.S.C. § 350(b) and will not rule on the TRO Motion for want of jurisdiction.

## I. BACKGROUND

The Debtor, appearing *pro se*, filed a bankruptcy petition under Chapter 12 on February 28, 2019. ECF No. 23. During the case, Adams, a secured creditor of the Debtor, sought relief from the automatic stay as to a property in Albany, New Hampshire and to the Errol Property arguing that Adams did not receive a mortgage payment in two years. ECF No. 80. On June 3, 2020, the Court granted relief from stay as it related to the Albany property but denied the motion for relief from stay as to the Errol Property. ECF No. 102. On June 16, 2020, Adams moved to dismiss the Debtor's case, arguing the Debtor was ineligible for Chapter 12 relief

pursuant to 11 U.S.C. § 109(f) and that her proposed plan was not feasible. ECF No. 106. After numerous hearings, this Court concluded that the Debtor did not qualify for relief under Chapter 12 of the Bankruptcy Code as she was not a family farmer pursuant to section 101(18)(A) and was thus ineligible to seek Chapter 12 relief according to section 109(f). The Court dismissed the Debtor's case on October 16, 2020 and the case was administratively closed on December 1, 2020. ECF Nos. 179–80.

Nearly six years later, on July 15, 2026, the Debtor moved to reopen the case under 11 U.S.C §350(b) and Federal Rule of Bankruptcy Procedure 5010, alleging that a criminal complaint was filed against her sometime in 2020 while the bankruptcy stay remained in effect and ultimately resulted in her arrest on May 14, 2026. ECF No. 189. Based on the filings by the Debtor, it appears that the criminal complaint was filed on March 16, 2021 and signed by a Justice of the Peace on February 15, 2022. *Id.* Ex. C. The criminal charge of Fraud on Creditors under RSA: 638:9 was dismissed for lack of prosecution on July 2, 2026. *Id.* The Debtor seeks to reopen the case to commence an adversary proceeding alleging that the criminal complaint was a willful violation of the automatic stay under 11 U.S.C. § 362(k) and also to pursue injunctive relief to stop the foreclosure of the Errol Property. *Id.*

Adams filed an objection to the Motion to Reopen arguing that the Debtor cannot reopen this case because it was dismissed for ineligibility and citing applicable legal authority. Adams also filed an objection to the TRO Motion arguing that it is both procedurally improper as it was not brought as an adversary proceeding and substantively deficient as the Debtor failed to meet the four requirements necessary for a preliminary injunction. The Debtor filed replies to both objections asserting that the legal authority cited by Adams is not binding on this Court and the Court can reopen the case to enforce a stay violation even if the case was dismissed. She also

argues that the adversary proceeding issue is moot and that she meets the criteria for injunctive relief.

The Court, upon receipt of a motion to continue both matters filed by the Debtor, determined that a hearing would be unlikely to aid in adjudication of the matter, cancelled the hearing on the TRO Motion and the Motion to Reopen and took both matters under advisement.

## II. JURISDICTION

"Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corporation v. Edwards*, 514 U.S. 300, 308 (1995) (emphasis added). Under 28 U.S.C. § 1334(b), bankruptcy courts have subject matter jurisdiction over three types of Bankruptcy Code matters and proceedings: (i) those "arising under" title 11, (ii) those "arising in" a case under title 11, and (iii) those "related to" a case under title 11. *See* 28 U.S.C. § 1334(b).

The Court has core jurisdiction to decide whether to reopen a bankruptcy case under 11 U.S.C. § 350(b). The Court's jurisdiction over the TRO Motion, however, depends on whether the Court may properly reopen the case. Absent reopening of the case, the TRO Motion does not arise under title 11, arise in a case under title 11, or relate to a case under title 11.

## III. DISCUSSION

The Court finds no legal basis to reopen this case. Reopening under section 350(b) is limited to cases that were closed after being fully administered. *See In re King*, 214 B.R. 334, 336 (Bankr. W.D. Tenn. 1997); *see also In re Finch*, 378 B.R. 241, 246 (B.A.P. 8th Cir. 2007), *aff'd,* 285 F. App'x 326 (8th Cir. 2008) ("a dismissed case cannot be reopened under § 350(b); rather a dismissal can be undone only through an appeal or a motion under Federal Rule

of Bankruptcy Procedure 9023 or 9024."). This case was dismissed because the Debtor did not satisfy the eligibility requirements to be a debtor under chapter 12 of the Bankruptcy Code. Since the Debtor's case was not closed following full administration, the Debtor's attempt to reopen her case does not fall within the scope of section 350(b). *See In re Pingaro*, No. BAP MB 08-025, 2008 WL 8664764, at *3 (B.A.P. 1st Cir. Aug. 14, 2008) ("[V]irtually all courts recognize that a bankruptcy case that has been dismissed is not closed within the meaning of § 350(b), and, therefore, may not be reopened."). Even if the Debtor were to satisfy the section 350(b) criteria, the Debtor cannot assert a valid complaint under section 362(k) because section 362(b)(1) categorically excepts all criminal actions from the automatic stay. *In re Bartel*, 404 B.R. 584 (B.A.P. 1st Cir. 2009) (discussing the scope of 11 U.S.C. § 362(b)(1)).

Since the case is not within the scope of section 350(b) and there is no legal basis for the relief sought by the Debtor, the Court cannot reopen the case. The Court has jurisdiction over the TRO Motion only if this case were reopened. As this case will remain closed, the Court lacks jurisdiction to issue any injunctive relief regarding this matter.

## IV. CONCLUSION

The Motion to Reopen is denied. Additionally, the TRO Motion will be denied as the Court lacks jurisdiction to address it.

Date: August 26, 2026

/s/ Kimberly Bacher
Kimberly Bacher
Chief Bankruptcy Judge